### Woodley *against* Shirley.—Appeal.

1. A non-resident may sustain an original attachment *vs.* an absconding debtor. 2. Attachment materially variant from affidavit, must be quashed.

APPELLANT sued out original attachment against appellee. The affidavit stated that said G. S. " is justly indebted," &c. " and that he so absconds or conceals himself, " that the ordinary process of law cannot be served on " him." The writ of attachment describes the affidavit as follows :—" That George Shirley is justly indebted to " him to the amount of four hundred dollars, and oath " having also been made that the said George Shirley hath " removed, or is about to remove himself out of the county, " or so absconds or conceals himself, that the ordinary pro- " cess of law cannot be served upon him," &c. The Circuit Court quashed the attachment, 1st. Because the Record did not shew the plaintiff to be a resident of the State. 2d. Because the attachment was variant from the affidavit and bond. The appellant assigned for Error this judgment of the Circuit Court.

The Chief Justice delivered the opinion of the Court.

It is not required by the Statute that the plaintiff in an attachment against an absconding debtor should be a resident of the State. As to the second objection, *This is a summary remedy, created by Statute—The Statute should be strictly adhered to in all respects.* The writ of attachment does not pursue the affidavit, and is uncertain as to the ground of this extraordinary, instead of the ordinary remedy. It should have been quashed on this ground.

Let the judgment be affirmed.

See Laws Alaba. p. 12, 13, Sections 2, 7.   2 *Hen.* and Munfd. 315.